UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN REGINALD SHAW,<br><br>         Petitioner,<br><br>v.<br><br>STU SHERMAN, et al.,<br><br>         Respondents. | Case No.: 20-cv-1875-GPC (DEB)<br><br>**ORDER:**<br><br> **(1) GRANTING PETITIONER'S MOTION FOR ENLARGEMENT OF TIME; AND**<br><br> **(2) DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[DKT. NOS. 6, 9]** |

 Before the Court are Petitioner Shaun Reginald Shaw's Motions for Enlargement of Time and Appointment of Counsel. Dkt. Nos. 6, 9. Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("Petition").

 Good cause appearing, the Court **GRANTS** in part Petitioner's Motion for Enlargement of Time to file a traverse. Petitioner may file a traverse on or before **March 5, 2021**. The Court **DENIES** Petitioner's Motion for Appointment of Counsel without prejudice.

1

Petitioner requests appointment of counsel because he: (1) is unable to afford counsel; (2) has limited education and is untrained in the law; (3) is "without funds to hire a private investigator"; and (4) has developmental cognitive disabilities. Dkt. No. 6 at 4, 8.

Petitioners do not have an absolute right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Nevertheless, by statute, district courts have discretion to appoint counsel in habeas proceedings for "any person financially unable to obtain adequate representation" when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds that Petitioner has not demonstrated that appointment of counsel will best serve the interests of justice. First, Petitioner argues the Court should appoint him counsel because he "is indigent and [im]prisoned and without proper funds to employ counsel. . . ." Dkt. No. 6 at 5. Petitioner's indigent status, however, does not alone entitle him to appointment of counsel. The Court must also consider Petitioner's likelihood of success on the merits and his ability to articulate his claims.

Second, Petitioner contends his low reading skills, education, and cognitive functioning compel the court's discretionary appointment of counsel. Petitioner included with his Motion an "Adaptive Support Form" signed by a licensed psychologist on September 1, 2020. Dkt. No. 6 at 12. The form indicated that Petitioner requires: (1) assistance with "reading and writing CDCR forms"; (2) "simple language and 1 or 2 step instructions. Ask I/M to explain in his own words to ensure he understands. Repeat information if necessary"; (3) "[p]rompt[ing] to complete personal hygiene, brush teeth, cell cleaning, shower and laundry procedure; and (4) "extra time and coaching to learn/adjust to new tasks and routines." *Id*. However, these facts do not establish an entitlement to the appointment of counsel in habeas proceedings. *See Storey v. Paramo*, No. 17-cv-23-LAB (BGS), 2017 U.S. Dist. LEXIS 132648, at *5 (S.D. Cal. Aug. 18, 2017)

("[T]he mere fact that Petitioner commands a seventh grade education does not establish an entitlement to the appointment of counsel."); *Marlow v. Frakes*, No. 9-cv-5455-RJB-KLS, 2010 WL 3786862, at *14 (W.D. Wash. Aug. 16, 2010) (denying motion for appointment of counsel where petitioner claimed that he is "uneducated, illiterate and must rely on a reader/writer who is not trained in the law" because petitioner was able to file appropriate papers to articulate his claims), *report and recommendation adopted*, 2010 WL 3786804 (Sept. 23, 2010); *Rodriguez v. Tucker*, 04-cv-2808, 2006 U.S. Dist. LEXIS 2976, at *4 (D. Ariz. Jan. 25, 2006) ("Petitioner's low IQ alone, absent a showing of an inability to articulate his claims *pro se* and a showing of a likelihood of success on the merits, does not warrant appointment of counsel.").

Here, Petitioner has sufficiently represented himself on multiple occasions in this action—in his Petition, Motion for Leave to Proceed *in forma pauperis*, and the instant Motions. Dkt. Nos. 1, 2, 6, 9. Furthermore, the Court has reviewed the Petition and cannot conclude that Petitioner is likely to succeed on the merits. Therefore, the "interests of justice" do not warrant the appointment of counsel in this case at this time. Accordingly, the Court **DENIES** Petitioner's Motion for Appointment of Counsel without prejudice.

**IT IS SO ORDERED**.

Dated:  January 6, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge