UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN REGINALD SHAW,<br><br>         Petitioner,<br><br>v.<br><br>STU SHERMAN, Warden, et al,<br><br>         Respondents. | Case No.: 20-CV-1875-GPC-DEB<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT**<br><br>**[Dkt. No. 20]** |

Petitioner Shaun Reginald Shaw ("Petitioner") filed a motion to vacate judgment on February 16, 2023. (Dkt. No. 20.) On April 18, 2023, Respondent filed an opposition. (Dkt. No. 26.) On June 5, 2023, Petitioner filed a reply. (Dkt. No. 31.) For the reasons discussed below, the Court DENIES Petitioner's motion to vacate judgment.

**Procedural Background**

In 2017, Petitioner was convicted by a jury and sentenced to twenty-one years in custody. (Dkt. No. 8-1.) Petitioner timely appealed his conviction, and ultimately was resentenced to eighteen years in prison in 2019. (Dkt. No. 8-17 at 1[1]). On December 16,

---

[1] Page numbers are based on the CM/ECF pagination.

2019, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Dkt. No. 8-18.) The California Supreme Court denied the petition. (Dkt. No. 8-19.)

On September 21, 2020, Petitioner filed a petition for writ of habeas corpus ("Petition") with this Court. (Dkt. No. 1.) In the Petition, Petitioner raised four claims: (1) ineffective assistance of trial counsel in violation of his Sixth Amendment right; 2) ineffective assistance of appellate counsel in violation of his Sixth Amendment right; 3) a *Brady*[2] claim asserting that both his trial counsel and the prosecution failed to obtain the Home Depot surveillance video which Petitioner claim would have corroborated his alibi; and 4) an actual innocence claim. (Dkt No. 16 at 3.)

On August 2, 2021, the Magistrate Judge issued a Report and Recommendation ("R&R") denying the petition for writ of habeas corpus. (Dkt. No. 15.) In the R&R, the Magistrate Judge ordered that objections shall be filed on or before August 23, 2021. (Dkt. No. 15 at 14.) Petitioner did not file an objection.

During the pendency of his habeas petition in this Court on December 29, 2021, Petitioner sent a request addressed to the clerk's office at the Superior Court of San Diego inquiring as to whether a subpoena was issued to Home Depot during Petitioner's trial proceedings in 2017. (Dkt. No. 20, Ex. A. at 7.) On June 23, 2022, the Superior Court's SDT Desk, Criminal Division replied that it did not find any subpoena duces tecum requested for Petitioner's case from 2017 through 2021. (*Id.* at 6.) Petitioner concedes that he did not submit this correspondence to this Court while his habeas petition was pending. (*Id.* at 2-3.)

On October 13, 2022, this Court issued an Order adopting the Magistrate Judge's R&R and denying and dismissing Petitioner's petition for writ of habeas corpus. (Dkt.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963)

No. 16.)  In the Order, the Court denied Petitioner's ineffective assistance of counsel claims because Petitioner failed to "provide any independent and corroborating evidence" that the Home Depot video alibi actually existed and because evidence placed Petitioner at the crime scene.  (*Id*. at 11.)  The Court denied Petitioner's ineffective assistance of appellate counsel claim for not raising the ineffective assistance of counsel claim on direct appeal because Petitioner "failed to show that there was no tactical purpose for his trial counsel's actions."  (*Id*. at 13.)  The Court denied Petitioner's *Brady* claim because he had failed to demonstrate that the prosecution was in possession of the Home Depot video.  (*Id*. at 14.)  Finally, the Court denied Petitioner's free standing claim of actual innocence for lack of a federal basis to provide relief.  (*Id*. at 16.)

On February 16, 2023, Petitioner filed this instant motion to vacate this Court's October 2022 Order and Judgment denying his habeas petition based on newly discovered evidence to which the Respondent opposed.  (Dkt. Nos. 20, 26.)  In his reply, Petitioner clarifies that he seeks to vacate the Order and Judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1), (b)(2), (b)(3), and (b)(6).  (Dkt. No. 31 at 23, 26.)

## Discussion

### A.    Federal Rule of Civil Procedure 59(e)

Under Federal Rule of Civil Procedure ("Rule") 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Amending a judgment is an "'an extraordinary remedy which should be used sparingly.'"  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)).

A district court "[has] no power to extend the time for filing a Rule 59(e) motion." *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993); *Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir. 1984) ("That time period [specified in Rule 59(e)] is jurisdictional and

cannot be extended by the court."); *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992) ("the district court has no discretion to consider a late rule 59(e) motion"); *Amerson v. Kindredcare, Inc.,* 606 Fed. Appx. 371, 372 (9th Cir. 2015) ("The time period for filing a Rule 59(e) motion is jurisdictional and cannot be extended by the court.").

The judgment that Petitioner seeks to vacate was entered on October 13, 2022. (Dkt. No. 16.)  Petitioner filed the instant motion on February 16, 2023, more than four months after the entry of judgment.  (Dkt. No. 20.)  Accordingly, the Court agrees with Respondent that the late filing date forecloses consideration of the motion under Rule 59(e).

**B.   Successive Habeas Petition**

While neither party has raised the issue of whether Petitioner's Rule 60(b) motion should be treated as a successive petition, the Court raises it here *sua sponte*.  *See Bratton v. Hernandez,* 08cv1932–WQH–RBB, 2009 WL 2366469, at *6 (S.D. Cal. 2009) (raising successive habeas petition issue *sua sponte* reasoning that "[f]ederal courts are obligated to raise questions concerning their subject matter jurisdiction *sua sponte in all cases*."), *Winburn v. Jackson,* Civil No. 5:07-15440, 2008 WL 108888 (E.D. Mich. 2008) (raising successive habeas petition issue *sua sponte*).

"[A] Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) (emphasis in original).  Following the Supreme Court's ruling in *Gonzalez*, the Ninth Circuit recognized that a district court addressing a Rule 60 motion in the habeas context must distinguish between a true Rule 60 motion and a Rule 60 motion disguised as a second or successive habeas petition.  *Hall v. Haws*, 861 F.3d 977, 985 (9th Cir. 2017); *United States v. Washington*, 653 F.3d 1057, 1062 (9th Cir. 2011).  If the alleged Rule 60(b) motion challenges "some defect in the integrity of the federal habeas proceedings," the court must treat it as a true Rule 60(b) motion to vacate.

*Hall*, 861 F.3d at 985. "On the other hand, if the motion presents a 'claim,' i.e., 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised [petition]." *Washington*, 653 F.3d at 1063 (quoting *Gonzalez*, 545 U.S. at 530).

If the Rule 60(b) is a disguised attack on a court's order addressing the underlying constitutionality of the state court conviction, under AEDPA, a petitioner must first seek permission to file a second or successive petition with the U.S. Circuit Court of Appeal.[3] *See* 28 U.S.C. § 2244(b)(3); *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("the district court lacks jurisdiction and must dismiss" a second or successive habeas petition disguised as a Rule 60(b) motion "unless and until the court of appeals grants an application to file it."); *see also Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.").

Further, the Supreme Court has concluded that a Rule 60(b)(2) motion seeking to present newly discovered evidence in support of a claim already litigated "is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at

---

[3] In order to file a second or successive 2254 petition, Petitioner must obtain a certificate from the U.S. Circuit Court of Appeal where

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A) & (B).

5

20-CV-1875-GPC-DEB

531-32; *Washington*, 653 F.3d at 1063 ("a motion to present "newly discovered evidence" in support of a claim previously denied . . . is in substance a successive habeas petition and should be treated accordingly."), *Neely v. Dir., Cal. Dep't of Corr.*, No. 2:08-cv-1416 WBS CKD P, 2022 WL 17076967, at 1 (E.D. Cal. 2022), *report and recommendation adopted by* 2022 WL 17812581 (Dec. 19, 2022) ("the Ninth Circuit has held that a Rule 60(b)(2) motion amounts to a second or successive habeas petition where the petitioner . . . seeks to present new evidence in support of a claim already litigated or a new claim.").

Here, Petitioner seeks to submit newly discovered evidence, his correspondence with the San Diego Superior Court on December 29, 2021 and June 23, 2022, regarding whether his trial counsel requested a subpoena duces tecum during Petitioner's state court case.  (Dkt. No. 20, Ex. A at 6–7.)  Relying on this newly discovered evidence, Petitioner argues that (1) relief is justified under Rule 60(b)(2) because this evidence proved that his trial counsel was indeed ineffective, (Dkt. No. 31 at 22); (2) relief is justified under Rule 60(b)(3) because this evidence proved that his trial counsel's statement that a subpoena was issued at trial was a misrepresentation justifying relief, (*id.* at 19–23); and (3) relief is justified under Rule 60(b)(6) because this evidence proves that his trial counsel and the prosecution engaged in official misconduct by failing to obtain the Home Depot video, making his circumstances extraordinary, (*id.* at 27–29).

In essence, Petitioner seeks to reopen his previous habeas claims of the Sixth Amendment ineffective assistance of counsel claim, (Dkt. No. 31 at 20, 24), the *Brady* claim, (*Id.* at 27–29) and the actual innocence claim, (*Id.* at 29–31) with the newly discovered evidence under Rule 60(b)(2), and asks the Court to review the merits of his claims again.  However, because these claims were already adjudicated in the October 2022 Order, the Court concludes that Petitioner's motion to vacate under Rule 60(b)(2), (3), and (6) must be construed as a second or successive motions pursuant to § 2254 and

governed by 28 U.S.C. § 2244(b). *See Thompson v. Calderon*, 151 F. 3d 918, 921 (9th Cir. 1998) ("In most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), as it does in this case, the Rule 60(b) motion should be treated as a successive habeas petition."). Consequently, absent authorization from the Ninth Circuit, this Court lacks jurisdiction to consider the merits of his Rule 60(b)(2), (b)(3) and (b)(6) motions. *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (district court lacked jurisdiction to consider the merits of the petitioner's claim because he did not seek a certification from the Ninth Circuit).

**C.    Rule 60(b)(1)**

Petitioner also brings a Rule 60(b)(1) motion arguing that his late submission of the newly discovered evidence constitutes excusable neglect justifying relief. (Dkt. No. 31 at 19-20.) The Court concludes Petitioner challenges "the integrity of the federal habeas process" and treats Petitioner's Rule 60(b)(1) motion as a true Rule 60 motion. *See Gonzalez*, 545 U.S. at 533 ("When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application.").

Under a limited set of circumstances, Rule 60(b) allows a party to seek relief from a final judgment. *Gonzalez* 545 U.S. at 528; *Jones v. Ryan,* 733 F.3d 825, 833 (9th Cir. 2013). "In the habeas context, Rule 60(b) applies to the extent that it is not inconsistent with the Anti-Terrorism and Effective Death Penalty Act (AEDPA)." *Hall*, 861 F.3d at 984.

Rule 60(b)(1) provides that relief from judgment may be granted for "excusable neglect." Fed. R. Civ. P. 60(b)(1). "[F]or purposes of Rule 60(b), 'excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Serv.'s Co. v. Brunswick Assoc.'s Ltd. P'ship*, 507 U.S. 380, 394 (1993) "[T]he determination of whether neglect is excusable is an

equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000); *accord Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016) ("Motions for relief from judgment under Rule 60(b)(1) must . . . must satisfy the four-factor test the Supreme Court established in *Pioneer*.").

Petitioner argues that his late submission of the newly discovered evidence to the Court is excusable because he lacked access to a law library during the process of being transferred to Jamestown S.C.C. from December 12, 2022, to the last week of January 2023. (Dkt. No. 31 at 21–22.) The Court finds this explanation unpersuasive to justify relief under Rule 60(b)(1).

Here, Petitioner mailed his request to the San Diego Superior Court around December 29, 2021 after the deadline to Object to the R&R but before the Court's October 13, 2022 Order. The San Diego Superior Court replied to Petitioner around June 2022, about four months before the entry of judgment and six months before Petitioner's transfer to Jamestown. Petitioner filed the instant motion on February 16, 2023, eight months after the Court's Order and Judgment in October 2022. Petitioner has failed to explain why he did not submit this new evidence between late June 2022, when he received the state court correspondence, and December 2022 when he was transferred out. Moreover, Petitioner does not explain why he did not submit the new evidence prior to the Court's Order and Judgment in October 2022. Thus, the Court DENIES Petitioner's Rule 60(b)(1) motion based on excusable neglect. *See e.g., Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004) (affirming district court's order that a party's "failure to look for and find a key witness until after the lawsuit was over was not excusable neglect under Rule 60(b)(1).").

## Conclusion

Based on the reasoning above, the Court DENIES Petitioner's motion to vacate judgment. As to the newly discovered evidence, Petitioner must seek permission with the Ninth Circuit to file a second or successive petition with this Court. *See* 28 U.S.C. § 2244(b).

IT IS SO ORDERED.

Dated: July 18, 2023

Hon. Gonzalo P. Curiel
United States District Judge